ROBERT A. SIEGEL (S.B. #64604)
rsiegel@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071-2899
Telephone:     213-430-6000
Facsimile:     213-430-6407

ADAM P. KOHSWEENEY  (S.B. #229983)
akohsweeney@omm.com
SUSANNAH K. HOWARD (S.B. #291326)
showard@omm.com
KRISTIN M. MACDONNELL (S.B. #307124)
kmacdonnell@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
San Francisco, CA 94111-3823
Telephone:     415-984-8912
Facsimile:     415-984-8701

Attorneys for Defendant
American Airlines, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| HASIM A. MOHAMMED, on behalf of himself, all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC., a Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  CV _____<br><br>**NOTICE OF REMOVAL OF DEFENDANT AMERICAN AIRLINES, INC.**<br><br>(28 U.S.C. §§ 1332(d), 1441(a))<br><br>(Santa Clara County Superior Court Case No. 19CV342788) |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF HASIM A. MOHAMMED AND PLAINTIFF'S ATTORNEYS OF RECORD:**

Pursuant to 28 U.S.C. §§ 1332(d), 1441(1) and 1446, Defendant American Airlines, Inc. ("American") hereby files this Notice of Removal, removing this action brought by Plaintiff Hasim A. Mohammed ("Plaintiff") from the Superior Court of the State of California, County of Santa Clara, where the action is currently pending, to this Court pursuant to 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005.  American states the following grounds for removal:

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1.      On February 21, 2019, American received a Summons and Complaint that had been filed on February 19, 2019, a true and correct copy of which is attached hereto collectively as **Exhibit A**.  The action was brought as a putative class action in the Superior Court of the State of California, County of Santa Clara, styled and captioned exactly as above, and assigned Case No. 19CV342788.  On March 22, 2019, American filed an Answer to the Complaint in the Superior Court of the State of California, County of Santa Clara, a copy of which is attached hereto as **Exhibit B**.  No other process, pleadings or orders have been filed and served in this action, and no other defendant has been named or served.

2.      The Complaint asserts six causes of action, predicated on alleged violations of California's meal and rest break, recordkeeping, and timeliness of wage payment laws.  Plaintiff seeks to bring these claims on behalf of a putative "Hourly Employee Class" defined as "[a]ll persons employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California during the Relevant Time Period."  (Ex. A ¶ 11.)[1]

---

[1] The "Relevant Time Period" is alleged to be from February 19, 2015, to the date of final judgment.  (Ex. A ¶ 11.)  Plaintiff also seeks to certify various subclasses, including a Meal Period Subclass, a Rest Period Subclass, a Wage Statement Penalties Subclass, a Waiting Time Penalties Subclass.  (*Id.*).

1    Additionally, Plaintiff seeks to certify a "UCL Class" defined as "[a]ll Hourly Employee Class

2    members employed by Defendants in California during the Relevant Time Period." (*Id.*)

3         3.      In the First Cause of Action, Plaintiff alleges that American failed to provide

4    Plaintiff and the putative class members off-duty meal periods in accordance with the California

5    Labor Code and the applicable Industrial Welfare Commission ("IWC") Wage Order. (Ex. A ¶¶

6    32-33, 38-39.) Plaintiff seeks premium compensation for missed meal periods pursuant to Labor

7    Code § 226.7, interests, costs, and attorneys' fees. (*Id.* ¶¶ 44-45.)

8         4.      In the Second Cause of Action, Plaintiff alleges that American failed to provide

9    Plaintiff and the putative class members off-duty rest periods in accordance with the California

10   Labor Code and applicable IWC Wage Order. (Ex. A ¶ 52.) Plaintiff seeks premium

11   compensation for missed rest period pursuant to Labor Code § 226.7, interest, costs, and

12   attorneys' fees. (*Id.* ¶¶ 55-56.)

13        5.      In the Third Cause of Action, Plaintiff alleges that American failed to pay Plaintiff

14   and the putative class members regular and overtime wages in accordance with California Labor

15   Code §§ 223, 510, 1196, 1197, and 1198. (Ex. A ¶ 71.) Plaintiff seeks recovery of all unpaid

16   straight time and overtime wages, interest, statutory costs, and statutory penalties. (*Id.* ¶¶ 78-79.)

17        6.      In the Fourth Cause of Action, Plaintiff alleges that American failed to provide

18   accurate itemized wage statements to Plaintiff and the putative class members. (Ex. A ¶ 83.)

19   Plaintiff seeks penalties pursuant to Labor Code § 226, attorneys' fees, and costs. (*Id.* ¶ 86.)

20        7.      In the Fifth Cause of Action, Plaintiff alleges that American failed to timely pay all

21   final wages in accordance with California Labor Code §§ 201-203. (Ex. A ¶ 94.) Plaintiff seeks

22   penalties pursuant to Labor Code §§ 203 and 218.6, as well as attorneys' fees and costs. (*Id.* ¶¶

23   96, 97.)

24        8.      In the Sixth Cause of Action, Plaintiff alleges that American engaged in unfair

25   business practices by engaging in the alleged violations described in the first through fourth

26   causes of action. (Ex. A ¶ 108.) Plaintiff seeks declaratory relief and restitution of all money

27   acquired by American as a result of these allegedly unfair practices according to California

28   Business & Professions Code § 17200 *et seq.*, as well as attorneys' fees. (*Id.* ¶ 114-115.)

9.      This Notice of Removal has been filed within thirty (30) days of service of American, and, as no other defendant has been named or served, the requirement of 28 U.S.C. § 1446(b) requiring removal within thirty (30) days of service of the first defendant has been satisfied.  Therefore, this Notice of Removal has been timely filed.

**BASIS FOR REMOVAL: CLASS ACTION FAIRNESS ACT OF 2005 ("CAFA")**

10.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), which provides that the United States District Courts have original jurisdiction over any class action: (i) involving a plaintiff class of 100 or more members, (ii) where at least one member of the plaintiff class is a citizen of a State different from any defendant, and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(2)(A) & (5)(B); *see also Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (explaining that "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in federal court if properly removed by any defendant." (internal quotation marks omitted)).[2]

11.      These three conditions are satisfied here.  First, Plaintiff filed this action as a "class action" within the meaning of 28 U.S.C. § 1332(d)(1)(b) because Plaintiff pleads that this civil action should be considered a class action under California law.  (Ex. A ¶ 11.)  According to American's records, there are approximately 1,379 ramp agents currently working for American in California.  (Declaration of Lisa Magdaleno i/s/o Notice of Removal, dated March 25, 2019 ("Magdaleno Decl.") ¶ 2.)  The requirement that the class consist of at least 100 members is therefore satisfied.

12.      Second, Plaintiff is a citizen of the state of California.  (Ex. A ¶ 5.)  American is incorporated in the State of Delaware, with its principal place of business in Fort Worth Texas, and is therefore for removal purposes a citizen of the State of Delaware and of the State of Texas.

---

[2] American does not waive, and expressly reserves, all arguments that this matter is improper for both class certification and as a non-class representative action.

*See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); Magdaleno Decl. ¶ 4.  Thus, Plaintiff is a citizen of a state different from American within the meaning of 28 U.S.C. § 1332(d)(2)(A).

13.     Third, the claims asserted by the plaintiff class, aggregated as required by 28 U.S.C. § 1332(d)(2), exceed the necessary sum of $5,000,000 "in controversy" within the meaning of 28 U.S.C. § 1332(d)(2).  Although American denies that Plaintiff and/or any putative class member is entitled to any relief based on the allegations in the Complaint, given the size of the proposed class, the breadth of the claims alleged and relief sought, and the specific allegations in the Complaint, the amount put "in controversy" by this litigation is in excess of $10,000,000, far exceeding the threshold requirement of $5,000,000:

a.  Plaintiff's First and Second Causes of Action allege that American maintained a policy or practice of denying Plaintiff and the putative class members off-duty meal and rest periods or premium compensation in lieu thereof, Compl. ¶¶ 38-41; 52-53, and therefore he and the putative class members are entitled to missed meal and rest period premiums pursuant to Labor Code § 226.7 going back four years to February 19, 2015.

b.  There are approximately 1,379  individuals currently working for American as ramp agents in California.  (Magdaleno Decl. ¶ 2.)  According to the applicable collective bargaining agreement, the current lowest hourly rate for ramp agents is $14.18 per hour.  (*Id.* ¶ 3.)  Labor Code § 226.7 provides that if an employer fails to provide a meal or rest period in accordance with the law, "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." Cal. Lab. Code § 226.7(c).

c.  Reducing the number of putative class members by approximately 30% (965) to account for attrition, and assuming each class member was paid at $14.18 per hour and missed one meal and one rest break each week for the

NOTICE OF REMOVAL CV _____

4 years (or 208 weeks) at issue in this action, the amount in controversy for

Plaintiff's First and Second Causes of Action is approximately:

      i.  (14.18 x 208 weeks x 965) + (14.18 x 208 weeks x 965) =

        $5,692,419.20.

  d.  Although American contends that the claims are meritless, and that no

monies are owed, relative to the claims in the Complaint, this calculation

uses low assumptions regarding the putative class members' regular hourly

rate and the number of missed meal and rest periods per week.

14.     This calculation only values the First and Second Causes of Action and only

considers ramp agents—accordingly, the actual amount in controversy is significantly higher.

15.     In addition, Plaintiff seeks to recover attorney's fees, which further increases the

alleged amount "in controversy" beyond $5,000,000.  (Ex. A ¶¶ 45, 56, 79, 86, 97, 115.); *see*

*Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994 (9th Cir. 2007) (including attorneys' fees in

calculating amount in controversy), *overruled on other grounds by Standard Fire Ins. Co. v.*

*Knowles*, 133 S. Ct. 1345 (2013); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927 (9th Cir. 2001)

(holding that attorneys' fees were properly included in the amount in controversy requirement in

a class action); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150 (9th Cir. 1998) (including attorneys'

fees in calculating the amount in controversy requirement for traditional diversity jurisdiction).

16.     Thus, based on the reasonable assumptions set forth herein, the potential

compensatory damages, together with the statutory penalties and attorney's fees, exceed the

$5,000,000 aggregate amount in controversy requirement set forth under 28 U.S.C. § 1332(d)(2).

*Dart Cherokee*, 135 S.Ct. at 554 ("a defendant's notice of removal need include only a plausible

allegation that the amount in controversy exceeds the jurisdictional threshold.").

## **VENUE**

17.     Plaintiff's state court action was commenced in the Superior Court of the State of

California for the County of Santa Clara and, pursuant to 28 U.S.C. §§ 84(a), 1441(a), & 1446(a)

may be removed to this United States District Court for the Northern District of California, which

embraces Santa Clara County within its jurisdiction.

1

## <u>CONCLUSION</u>

2     18.     For the reasons discussed herein, pursuant to 28 U.S.C. §§ 1332(d), 1441(a) &

3  1446, this state court action may be removed to this Federal District Court.

4

5     **WHEREFORE**, Defendant requests that this action be brought to this Court, and that this

6  Court exercise its jurisdiction in the premises.

7     Dated: March 25, 2019              O'MELVENY & MYERS LLP
                                          ROBERT A. SIEGEL
8                                         ADAM P. KOHSWEENEY
                                          SUSANNAH K. HOWARD
9

10

11                                        By:    */s/ Adam P. KohSweeney*
                                              Adam P. KohSweeney
12                                        Attorneys for Defendant American Airlines,
                                          Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28