# EXHIBIT A

*2-21-2019*

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMERICAN AIRLINES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HASIM A. MOHAMMED, on behalf of himself, all others similarly situated,

| |
|---|
| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*<br>**E-FILED**<br>2/19/2019 5:31 PM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>**19CV342788**<br>Reviewed By: R. Walker<br>Envelope: 2529544 |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 o más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Downtown Superior Court

191 North First Street
San Jose, California 95113

CASE NUMBER:
*(Número del Caso):* **19CV342788**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Shaun Setareh, Esq., 315 South Beverly Drive, Suite 315, Beverly Hills, California 90212, (310) 888-7771

| DATE:<br>*(Fecha)* 2/19/2019 5:31 PM | Clerk of Court | Clerk, by<br>*(Secretario)* R. Walker | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010))*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* AMERICAN AIRLINES, INC.

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

E-FILED
2/19/2019 5:31 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
19CV342788
Reviewed By: R. Walker

1  Shaun Setareh (SBN 204514)
   shaun@setarehlaw.com
2  William M. Pao (SBN 219846)
   william@setarehlaw.com
3  Lilit Ter-Astvatsatryan (SBN 320389)
   lilit@setarehlaw.com
4  SETAREH LAW GROUP
   315 South Beverly Drive, Suite 315
5  Beverly Hills, California 90212
   Telephone (310) 888-7771
6  Facsimile (310) 888-0109

7  Attorneys for Plaintiff
   HASIM A. MOHAMMED
8

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF SANTA CLARA

11                  UNLIMITED JURISDICTION

12

13  HASIM A. MOHAMMED, on behalf of        Case No. **19CV342788**
    himself, all others similarly situated,
14                                          **CLASS ACTION**
              *Plaintiff,*
15                                          **COMPLAINT**
       vs.
16                                          1.  Failure to Provide Meal Periods (Lab. Code
                                                §§ 204, 223, 226.7, 512 and 1198);
17  AMERICAN AIRLINES, INC., a Delaware     2.  Failure to Provide Rest Periods (Lab. Code
    corporation; and DOES 1 through 50,         §§ 204, 223, 226.7 and 1198);
18  inclusive,                              3.  Failure to Pay Hourly Wages (Lab. Code §§
                                                223, 510, 1194, 1194.2, 1197, 1997.1 and
19            *Defendants.*                      1198);
                                           4.  Failure to Provide Accurate Written Wage
20                                             Statements (Lab. Code §§ 226(a));
                                           5.  Failure to Timely Pay All Final Wages
21                                             (Lab. Code §§ 201, 202 and 203);
                                           6.  Unfair Competition (Bus. & Prof. Code §§
22                                             17200 *et seq.*);

23                                         **JURY TRIAL DEMANDED**

24

25

26

27

28

1    COMES NOW, Plaintiff HASIM A. MOHAMMED ("Plaintiff"), on behalf of himself, all
2  others similarly situated, complains and alleges as follows:

3                                    **INTRODUCTION**

4        1.    Plaintiff brings this class action against Defendant AMERICAN AIRLINES, INC., a
5  Delaware corporation, and DOES 1 through 50, inclusive (collectively referred to as "Defendants")
6  for alleged violations of the Labor Code and Business and Professions Code.  As set forth below,
7  Plaintiff alleges that Defendants have:

8                (1)    failed to provide him and all other similarly situated individuals with meal
9                       periods;
10               (2)    failed to provide them with rest periods;
11               (3)    failed to pay them premium wages for missed meal and/or rest periods;
12               (4)    failed to provide them with accurate written wage statements; and
13               (5)    failed to pay them all of their final wages following separation of
14                      employment.

15       Based on these alleged Labor Code violations, Plaintiff now brings this class action to
16  recover unpaid wages, restitution and related relief on behalf of himself, all others similarly
17  situated.

18                              **JURISDICTON AND VENUE**

19       2.    This Court has subject matter jurisdiction to hear this case because the monetary
20  damages and restitution sought by Plaintiff from Defendants conduct exceeds the minimal
21  jurisdiction of the Superior Court of the State of California.

22       3.    Venue is proper in the County of Santa Clara pursuant to Code of Civil Procedure
23  sections 395(a) and 395.5 in that liability arose this county because at least some of the transactions
24  that are the subject matter of this Complaint occurred therein and/or each defendant is found,
25  maintains offices, transacts business and/or has an agent therein.

26       4.    Venue is proper in Santa Clara County because Defendants' principal place of
27  business is in Texas, is incorporated under the laws of Delaware, does business in Santa Clara
28  County, and has not registered a California place of business with the California Secretary of State.

1 | As such, venue is proper in any county in California.

2 | <center>**PARTIES**</center>

3 |     5.     Plaintiff HASIM A. MOHAMMED is, and at all relevant times mentioned herein, an

4 | individual residing in the State of California.

5 |     6.     Plaintiff is informed and believes, and thereupon alleges that Defendant

6 | AMERICAN AIRLINES, INC. is, and at all relevant times mentioned herein, a Delaware

7 | corporation doing business in the State of California.

8 |     7.     Plaintiff is ignorant of the true names and capacities of the defendants sued herein as

9 | DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.

10 | Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants

11 | when ascertained. Plaintiff is informed and believes, and thereupon alleges that each of the

12 | fictitiously named defendants are responsible in some manner for the occurrences, acts and

13 | omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these

14 | defendants, and each of them.  Plaintiff will amend this complaint to allege both the true names and

15 | capacities of the DOE defendants when ascertained.

16 |     8.     Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

17 | mentioned herein, some or all of the defendants were the representatives, agents, employees,

18 | partners, directors, associates, joint venturers, principals or co-participants of some or all of the

19 | other defendants, and in doing the things alleged herein, were acting within the course and scope of

20 | such relationship and with the full knowledge, consent and ratification by such other defendants.

21 |     9.     Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

22 | mentioned herein, some of the defendants pursued a common course of conduct, acted in concert

23 | and conspired with one another, and aided and abetted one another to accomplish the occurrences,

24 | acts and omissions alleged herein.

25 | <center>**CLASS ALLEGATIONS**</center>

26 |     10.     This action has been brought and may be maintained as a class action pursuant to

27 | Code of Civil Procedure section 382 because there is a well-defined community of interest among

28 | the persons who comprise the readily ascertainable classes defined below and because Plaintiff is

<center>2</center>
<center>CLASS ACTION COMPLAINT</center>

1  unaware of any difficulties likely to be encountered in managing this case as a class action.

2      11.    **Relevant Time Period**:  The relevant time period is defined as the time period

3  beginning four years prior to the filing of this action until judgment is entered.

4      **Hourly Employee Class**:  All persons employed by Defendants and/or any staffing agencies
and/or any other third parties in hourly or non-exempt positions in California during the
5  **Relevant Time Period**.

6      **Meal Period Sub-Class**:  All **Hourly Employee Class** members who worked in a
shift in excess of five hours during the **Relevant Time Period**.

7

8      **Rest Period Sub-Class**:  All **Hourly Employee Class** members who worked a shift
of at least three and one-half (3.5) hours during the **Relevant Time Period**.

9      **Wage Statement Penalties Sub-Class**:  All **Hourly Employee Class** members
employed by Defendants in California during the period beginning one year before
10  the filing of this action and ending when final judgment is entered.

11      **Waiting Time Penalties Sub-Class**:  All **Hourly Employee Class** members who
separated from their employment with Defendants during the period beginning three
12  years before the filing of this action and ending when final judgment is entered.

13  **UCL Class**:  All **Hourly Employee Class** members employed by Defendants in California
during the **Relevant Time Period**.

14

15      12.    **Reservation of Rights**:  Pursuant to Rule of Court 3.765(b), Plaintiff reserves the

16  right to amend or modify the class definitions with greater specificity, by further division into sub-

17  classes and/or by limitation to particular issues.

18      13.    **Numerosity**:  The class members are so numerous that the individual joinder of each

19  individual class member is impractical.  While Plaintiff does not currently know the exact number

20  of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number

21  exceeds the minimum required for numerosity under California law.

22      14.    **Commonality and Predominance**:  Common questions of law and fact exist as to

23  all class members and predominate over any questions which affect only individual class members.

24  These common questions include, but are not limited to:

25      A.    Whether Defendants maintained a policy or practice of failing to provide

26          employees with their meal periods;

27      B.    Whether Defendants maintained a policy or practice of failing to provide

28          employees with their rest periods;

1        C.    Whether Defendants failed to pay premium wages to class members when

2            they have not been provided with required meal and/or rest periods;

3        D.    Whether Defendants failed to provide class members with accurate written

4            wage statements as a result of providing them with written wage statements

5            with inaccurate entries for, among other things, amounts of gross and net

6            wages, and total hours worked;

7        E.    Whether Defendants applied policies or practices that result in late and/or

8            incomplete final wage payments;

9        F.    Whether Defendants are liable to class members for waiting time penalties

10           under Labor Code section 203;

11       G.    Whether class members are entitled to restitution of money or property that

12           Defendants may have acquired from them through unfair competition;

13       15.    **Typicality:**  Plaintiff's claims are typical of the other class members' claims.

14   Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of

15   failing to comply with the Labor Code and Business and Professions Code as alleged in this

16   Complaint.

17       16.    **Adequacy of Class Representative:**  Plaintiff is an adequate class representative in

18   that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class

19   members and is dedicated to vigorously prosecuting this action on their behalf.  Plaintiff will fairly

20   and adequately represent and protect the interests of the other class members.

21       17.    **Adequacy of Class Counsel:**  Plaintiff's counsel are adequate class counsel in that

22   they have no known conflicts of interest with Plaintiff or absent class members, are experienced in

23   wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on

24   behalf of Plaintiff and absent class members.

25       18.    **Superiority:**  A class action is vastly superior to other available means for fair and

26   efficient adjudication of the class members' claims and would be beneficial to the parties and the

27   Court.  Class action treatment will allow a number of similarly situated persons to simultaneously

28   and efficiently prosecute their common claims in a single forum without the unnecessary

1   duplication of effort and expense that numerous individual actions would entail. In addition, the
2   monetary amounts due to many individual class members are likely to be relatively small and would
3   thus make 1 difficult, if not impossible, for individual class members to both seek and obtain relief.
4   Moreover, a class action will serve an important public interest by permitting class members to
5   effectively pursue the recovery of monies owed to them. Further, a class action will prevent the
6   potential for inconsistent or contradictory judgments inherent in individual litigation.

7                           **GENERAL ALLEGATIONS**

8        19.    Plaintiff worked for Defendants as a non-exempt, hourly employee from
9   approximately January 17, 2000 through February 28, 2018.

10                         **Meal Periods and Auto-Deduct**

11       20.    On many occasions, Plaintiff and the putative class members were not provided
12   with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1)
13   Defendants' policy of not scheduling each meal period as part of each work shift; (2) chronically
14   understaffing each work shift with not enough workers; (3) imposing so much work on each
15   employee such that it made it unlikely that an employee would be able to take their breaks if they
16   wanted to finish their work on time; and (4) no formal written meal and rest period policy that
17   encouraged employees to take their meal and rest periods.

18       21.    Plaintiff and the putative class members were provided meal periods to the extent
19   that there were otherwise not occupied with their job duties. In other words, when a plane arrived,
20   Plaintiff and the putative class were required to interrupt their meal periods and to immediately
21   perform their assigned job duties.

22       22.    Moreover, Plaintiff and the putative class were not instructed to nor required to clock
23   out for their meal periods as Defendants had a policy of automatically deducting one hour from
24   their hours worked. This is further evidenced by the fact that Plaintiff and the putative class were
25   scheduled to work nine hours and in order to avoid having to pay overtime, an hour was
26   automatically deducted by Defendants for their purported meal periods, even though Plaintiff and
27   the putative class seldomly, if even ever, were provided with a one-hour uninterrupted, duty-free
28   meal period.

23.     As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their meal periods in order to complete their assignments on time.

### Missed Rest Periods

24.     Plaintiff and the putative class members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

25.     Plaintiff and the putative class members were provided rest periods to the extent that there were otherwise not occupied with their job duties. In other words, when a plane arrived, Plaintiff and the putative class were required to interrupt their meal periods and to immediately perform their assigned job duties.

26.     As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their rest periods in order to complete their assignments on time.

### Wage Statements

27.     Plaintiff and the putative class were not provided with accurate wage statements as mandated by law pursuant to Labor Code section 226.

28.     Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that:

          a.   all hours worked, including overtime, were not included and so gross wages were not accurate;

b.  any and all meal and/or rest period premiums were not paid and so gross wages were not accurate.

29.    Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that:

a.  all hours worked, including overtime, were not included and so net wages earned were not accurate;

b.  any and all meal and/or rest period premium wages were not included and so net wages earned were not accurate.

## FIRST CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 004, 223, 226.7, 512 and 1198)

### (Plaintiff and Meal Period Sub-Class)

30.    Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully alleged herein.

31.    At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been non-exempt employees of Defendant entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order.

32.    Labor Code section 512 and Section 11 of the applicable Industrial Welfare Commission Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

33.    Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

34.    Compensation for missed meal periods constitutes wages within the meaning of Labor Code section 200.

35.     Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the applicable Wage Order.

36.     Section 11 of the applicable Wage Order states:

> "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

37.     At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

38.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code section 512 ad the applicable Wage Order.

39.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

40.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of automatically deducting one hour for a meal period from the paychecks of **Meal Period Sub-Class** members on each day they worked, regardless of whether or not they were able to take an uninterrupted, duty-free meal period.

41.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with a second meal period when they worked shifts of ten or more hours and failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

42.    Moreover, Defendants written policies do not provide that employees must take their first meal period before the end of the fifth hour of work, that they are entitled to a second meal period if they work a shift of over ten hours, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

43.    At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

44.    Pursuant to Labor Code section 204. 218.6 and 226.7, Plaintiff, on behalf of himself and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages. interest thereon, and costs of suit.

45.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the **Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

### (Lab. Code §§ 204, 223, 226.7 and 1198)

### (Plaintiff and Rest Period Sub-Class)

46.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

47.    At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable Wage Order.

48.    Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be in the middle of each work period insofar as practicable.

49.    Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to

1  pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on
2  each workday that the employee is not provided with the required rest period(s).

3      50.     Compensation for missed rest periods constitutes wages within the meaning of Labor
4  Code section 200.

5      51.     Labor Code section 1198 makes it unlawful to employ a person under conditions that
6  violate the Wage Order.

7      52.     Plaintiff alleges that, at all relevant times during the applicable limitations period,
8  Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class**
9  with net rest period of at least ten minutes for each four hour work period, or major fraction thereof,
10  as required by the applicable Wage Order.

11      53.     At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-**
12  **Class** members additional premium wages when required rest periods were not provided.

13      54.     Specifically, Defendants written policies do not provide that employees may take a
14  rest period for each four hours worked, or major fraction thereof, and that rest periods should be
15  taken in the middle of each work period insofar as practicable.

16      55.     Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself
17  and **Rest Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and
18  costs of suit.

19      56.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the
20  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and
21  **Rest Period Sub-Class** members, seek to recover reasonable attorneys' fees.

22                      **THIRD CAUSE OF ACTION**
23              **FAILURE TO PAY HOURLY AND OVERTIME WAGES**
24                  **(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**
25                      **(Plaintiff and Hourly Employee Class)**

26      57.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged
27  herein.

28      58.     At all relevant times, Plaintiff and **Hourly Employee Class** members are or have

1 | been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the
2 | applicable Wage Order.

3 |     59.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during
4 | which an employee is subject to the control of the employer, and includes all the time the employee
5 | is suffered or permitted to work, whether or not required to do so."

6 |     60.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt
7 | employees at least the minimum wage set forth therein for all hours worked, which consist of all
8 | hours that an employer has actual or constructive knowledge that employees are working.

9 |     61.    Labor Code section 1194 invalidates any agreement between an employer and an
10 | employee to work for less than the minimum or overtime wage required under the applicable Wage
11 | Order.

12 |     62.    Labor Code section 1194.2 entitles non-exempt employees to recover liquidated
13 | damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in
14 | addition to the underlying unpaid minimum wages and interest thereon.

15 |     63.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less
16 | than the minimum wage required under the applicable Wage Order for all hours worked during a
17 | payroll period.

18 |     64.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other
19 | person acting either individually or as an officer, agent or employee of another person, to pay an
20 | employee, or cause an employee to be paid, less than the applicable minimum wage.

21 |     65.    Labor Code section 1198 makes it unlawful for employers to employ employees
22 | under conditions that violate the applicable Wage Order.

23 |     66.    Labor Code section 204 requires employers to pay non-exempt employees their
24 | earned wages for the normal work period at least twice during each calendar month on days the
25 | employer designates in advance and to pay non-exempt employees their earned wages for labor
26 | performed in excess of the normal work period by no later than the next regular payday.

27 |     67.    Labor Code section 223 makes it unlawful for employers to pay their employees
28 | lower wages than required by contract or statute while purporting to pay them legal wages.

68.     Labor Code section 510 and Section 3 of the applicable Wage Order require employees to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

69.     Labor Code section 510 and Section 3 of the applicable Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during the workweek.

70.     Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to him and **Hourly Employee Class** members with respect to working conditions and compensation arrangements.

71.     At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly Employee Class** members for all time worked, including but not limited to, overtime hours at statutory and/or agreed rates.

72.     At all relevant times during the applicable limitations period, Defendants maintained a policy or practice of automatically deducting one hour from Plaintiff's timecard on every workday for a meal period, regardless of whether or not Plaintiff was provided with a meal period.

73.     Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of automatically deducting one hour from **Hourly Employee Class** members' timecard on every workday for a meal period, regardless of whether or not **Hourly Employee Class** members were provided with a meal period.

74.     As a result of Defendants' policy or practice of automatically deducting one hour from employees' timecards for every workday for a meal period, Plaintiff and **Hourly Employee Class** members were required to perform off-the-clock work that Defendants either knew or should have known they were working.

75.     At all relevant times, Defendants failed to pay hourly wages to Plaintiff for all time worked, including but not limited to, overtime wages at statutory and/or agreed rates by suffering or

12

1  permitting him to work during unpaid meal periods and/or failing to properly pay Plaintiff for all

2  overtime hours worked.

3       76.    Plaintiff is informed and believes that, at all relevant times during the applicable

4  limitations period, Defendants maintained a policy or practice of not paying hourly wages to

5  **Hourly Employee Class** members for all time worked, including but not limited to, overtime hours

6  at statutory and/or agreed rates by suffering or permitting them to work during unpaid meal periods.

7       77.    As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class**

8  members have suffered damages in an amount, subject to proof, to the extent they were not paid the

9  full amount of wages earned during each pay period during the applicable limitations period,

10  including overtime wages.

11       78.    Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on

12  behalf of himself and **Hourly Employee Class** members, seek to recover unpaid straight time and

13  overtime wages, interest thereon and costs of suit.

14       79.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

15  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

16  **Hourly Employee Class** members, seek to recover reasonable attorneys' fees.

17  <div align="center"><u>**FOURTH CAUSE OF ACTION**</u></div>

18  <div align="center">**FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**</div>

19  <div align="center">**(Lab. Code § 226)**</div>

20  <div align="center">**(Plaintiff and Wage Statement Penalties Sub-Class)**</div>

21       80.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

22  herein.

23       81.    Labor Code section 226(a) states:

24         "An employer, semimonthly or at the time of each payment of wages, shall furnish to his or him employee, either as a detachable part of the check, draft, or voucher

25  paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2)

26  total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is

27  paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net

28  wages earned, (6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and only the last four digits of his or him social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

82. The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

83. Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described above.

84. Plaintiff is informed and believes that Defendants' failure to provide him and **Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known do not comply with Labor Code section 226(a).

85. Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful pay

1   practices, has required discovery and mathematical computations to determine the amount of wages

2   owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or

3   has led to the submission of inaccurate information about wages and deductions to federal and state

4   government agencies.

5          86.     Pursuant to Labor Code section 226(e), Plaintiff, on behalf of himself and **Wage**

6   **Statement Penalties Sub-Class** members, seek the greater of actual damages or $50.00 for the

7   initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each

8   subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an

9   aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees

10  and costs.

11                        **FIFTH CAUSE OF ACTION**

12               **FAILURE TO TIMELY PAY ALL FINAL WAGES**

13                        **(Lab. Code §§ 201-203)**

14              **(Plaintiff and Waiting Time Penalties Sub-Class)**

15         87.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

16  herein.

17         88.     At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members

18  have been entitled, upon the end of their employment with Defendants, to timely payment of all

19  wages earned and unpaid before termination or resignation.

20         89.     At all relevant times, pursuant to Labor Code section 201, employees who have been

21  discharged have been entitled to payment of all final wages immediately upon termination.

22         90.     At all relevant times, pursuant to Labor Code section 202, employees who have

23  resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to

24  payment of all final wages at the time of resignation.

25         91.     At all relevant times, pursuant to Labor Code section 202, employees who have

26  resigned after giving less than seventy-two (72) hours notice of resignation have been entitled to

27  payment of all final wages within seventy-two (72) hours of giving notice of resignation.

28         92.     During the applicable limitations period, Defendants failed to pay Plaintiff all of him

1 | final wages in accordance with the Labor Code by failing to timely pay him all of him final wages.

2 |      93.    Plaintiff is informed and believes that, at all relevant time during the applicable

3 | limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class**

4 | members all of their final wages in accordance with the Labor Code.

5 |      94.    Plaintiff is informed and believes that, at all relevant times during the applicable

6 | limitations period, Defendants have maintained a policy or practice of paying **Waiting Time**

7 | **Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code

8 | sections 201 or 202 by failing to timely pay them all final wages.

9 |      95.    Plaintiff is informed and believes and thereupon alleges that Defendants' failure to

10 | timely pay all final wages to him and **Waiting Time Penalties Sub-Class** members have been

11 | willful in that Defendants have the ability to pay final wages in accordance with Labor Code

12 | sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible

13 | with those requirements.

14 |      96.    Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of himself and

15 | **Waiting Time Penalties Sub-Class** members, seek waiting time penalties from the dates that their

16 | final wages have first become due until paid, up to a maximum of thirty days. and interest thereon.

17 |      97.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

18 | and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-**

19 | **Class** members, seek awards of reasonable attorneys' fees and costs.

20 | <div align="center">**SIXTH CAUSE OF ACTION**</div>

21 | <div align="center">**UNFAIR COMPETITION**</div>

22 | <div align="center">**(Bus. & Prof. Code §§ 17200 et seq.)**</div>

23 | <div align="center">**(Plaintiff and UCL Class)**</div>

24 |      98.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

25 | herein.

26 |      99.    Business and Professions Code section 17200 defines "unfair competition" to

27 | include any unlawful business practice.

28 |      100.    Business and Professions Code section 17203-17204 allow a person who has lost

1 | money or property as a result of unfair competition to bring a class action in accordance with Code

2 | of Civil Procedure section 382 to recover money or property that may have been acquired from

3 | similarly situated persons by means of unfair competition.

4 |      101.    California law requires employers to pay hourly, non-exempt employees for all hours

5 | they are permitted or suffered to work, including hours that the employer knows or reasonable

6 | should know that employees have worked.

7 |      102.    Plaintiff and the **UCL Class** members re-alleges and incorporates the FIRST,

8 | SECOND and THIRD causes of action herein.

9 |      103.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

10 |      104.    Defendants have or may have acquired money by means of unfair competition.

11 |      105.    Plaintiff is informed and believes and thereupon alleges that by committing the

12 | Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215,

13 | 216, 225, 226.6, 354, 408, 553, 1175, 1199, which make it a misdemeanor to commit the Labor

14 | Code violations alleged herein.

15 |      106.    Defendants have committed criminal conduct through their policies and practices of,

16 | *inter alia*, failing to comport with their affirmative obligations as an employer to provide non-

17 | exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each

18 | work period of five or more hours, by failing to provide non-exempt employees with a ten-minute

19 | rest period for every four hours worked or major fraction thereof, and by failing to pay non-exempt

20 | employees for all hours worked.

21 |      107.    At all relevant times, Plaintiff and **UCL Class** members have been non-exempt

22 | employees and entitled to the full protections of both the Labor Code and the applicable Wage

23 | Order.

24 |      108.    Defendants' unlawful conduct as alleged in this Complaint amounts to and

25 | constitutes unfair competition within the meaning of Business and Professions Code section 17200

26 | *et seq*. Business and Professions Code sections 17200 *et seq*. protects against unfair competition

27 | and allows a person who has suffered an injury-in-fact and has lost money or property as a result of

28 | an unfair, unlawful or fraudulent business practice to seek restitution on him own behalf and on

1 | behalf of similarly situated persons in a class action proceeding.

2 |      109.   As a result of Defendants' violations of the Labor Code during the applicable
3 | limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form
4 | of earned wages. Specifically, Plaintiff has lost money or property as a result of Defendants'
5 | conduct.

6 |      110.   Plaintiff is informed and believes that other similarly situated persons have been
7 | subject to the same unlawful policies or practices of Defendants.

8 |      111.   Due to the unfair and unlawful business practices in violation of the Labor Code,
9 | Defendants have gained a competitive advantage over other comparable companies doing business
10 | in the State of California that comply with their legal obligations.

11 |      112.   California's Unfair Competition Law ("UCL") permits civil recovery and injunctive
12 | for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act
13 | violates or is considered unlawful under any other state or federal law.

14 |      113.   Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs
15 | request the issuance of temporary, preliminary and permanent injunctive relief enjoining
16 | Defendants. and each of them, and their agents and employees, from further violations of the Labor
17 | Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek
18 | an order permanently enjoining Defendants, and each of them, and their respective agents and
19 | employees, from further violations of the Labor Code and applicable Industrial Welfare
20 | Commission Wage Orders.

21 |      114.   Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of
22 | himself and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully
23 | belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful
24 | and unfair business practices.

25 |      115.   Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine
26 | and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover
27 | reasonable attorneys' fees in connection with their unfair competition claims.

28 | ///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, prays for relief and judgment against Defendants as follows:

       (1)    An order that the action be certified as a class action;

       (2)    An order that Plaintiff be appointed class representative;

       (3)    An order that counsel for Plaintiff be appointed class counsel;

       (4)    Unpaid wages;

       (5)    Actual damages;

       (6)    Liquidated damages;

       (7)    Restitution;

       (8)    Declaratory relief;

       (9)    Pre-judgment interest;

      (10)    Statutory penalties;

      (11)    Costs of suit;

      (12)    Reasonable attorneys' fees; and

      (13)    Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself, all other similarly situated, hereby demands a jury trial on all issues so triable.

DATED: February 19, 2019         SETAREH LAW GROUP

 

SHAUN SETAREH
Attorneys for Plaintiff
HASIM A. MOHAMMED

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Shaun Setarch (SBN 204514)<br>SETAREH LAW GROUP<br>315 South Beverly Drive, Suite 315<br>Beverly Hills, California 90212<br>TELEPHONE NO: (310) 888-7771   FAX NO: (310) 888-0109<br>ATTORNEY FOR *(Name)*: Hasim A. Mohammed | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 2/19/2019 5:31 PM<br>Reviewed By: R. Walker<br>Case #19CV342788<br>Envelope: 2529544** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, California 95113
BRANCH NAME: Downtown Superior Court

CASE NAME:
Mohammed v. American Airlines, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **19CV342788**<br><br>JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☑ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*: Six
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 19, 2019
Shaun Setarch, Esq.
_____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice– Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
　Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/ Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment *(non-domestic relations)*
　Sister State Judgment
　Administrative Agency Award *(not unpaid taxes)*
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-harassment)*
　Mechanics Lien
　Other Commercial Complaint Case *(non-tort/non-complex)*
　Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition

　　　**CIVIL CASE COVER SHEET**

**ATTACHMENT CV-5012**

# CIVIL LAWSUIT NOTICE

CASE NUMBER: __19CV342788__

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

### READ THIS ENTIRE FORM

*PLAINTIFFS* (the person(s) suing):  Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANTS* (The person(s) being sued):  You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint*, in the Clerk's Office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
2. You must send a copy of your written response to the plaintiff; and
3. You must attend the first Case Management Conference.

Warning:  If you do not do these three things, you may automatically lose this case.

---

*RULES AND FORMS:*  You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms.  You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.scsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing:  408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

*CASE MANAGEMENT CONFERENCE (CMC):*  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8.*

---

*Your Case Management Judge is:*  Hon. Brian C. Walsh          *Department:*  __1__

*The 1st CMC is scheduled for:* (Completed by Clerk of Court)

   *Date:* __6/7/19__          *Time:* __10:00am__  in Department  __1__

*The next CMC is scheduled for:* (Completed by party if the 1st CMC was continued or has passed)

   *Date:* _____          *Time:* _____  in Department _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):*  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference.  Visit the Court's website at www.scsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA 95113-1090**

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 2/20/2019 10:03 AM
Reviewed By: R. Walker
Case #19CV342788
Envelope: 2531134

TO:    *FILE COPY*

RE:            **Mohammed v. American Airlines, Inc.**
CASE NUMBER:    **19CV342788**

**ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY**

WHEREAS, the Complaint was filed by Plaintiff **HASIM A. MOHAMMED** ("Plaintiff") in the Superior Court of California, County of Santa Clara, on **February 19, 2019** and assigned to Department 1 (Complex Civil Litigation), the **Honorable Brian C. Walsh** presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:
    The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400. The matter remains assigned, for all purposes, including discovery and trial, to Department 1 (Complex Civil Litigation), the **Honorable Brian C. Walsh** presiding.
    The parties are directed to the Court's local rules and guidelines regarding electronic filing and to the Complex Civil Guidelines, which are available on the Court's website.
    Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff **HASIM A. MOHAMMED**, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.
    Pursuant to Government Code section 70616(c), each party's complex case fee is due within ten (10) calendar days of this date.
    Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.
    Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order. Any response to the objection must be filed within seven (7) days of service of the objection. The Court will make its ruling on the submitted pleadings.
    The Case Management Conference remains set for <u>June 7, 2019 at 10:00 a.m. in Department</u> <u>1</u> and all counsel are ordered to attend in person.
    Counsel for all parties are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the following issues:
    1. Issues related to recusal or disqualification;
    2. Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;

3. Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;
4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;
5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;
6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;
7. Any issues involving the protection of evidence and confidentiality;
8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed 5 calendars days prior to the First Case Management Conference, and include the following:
1. A Statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;
2. Service lists identifying all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses and fax numbers for all counsel;
3. A description of all discovery completed to date and any outstanding discovery as of the date of the conference;
4. Applicability and enforceability of arbitration clauses, if any;
5. A list of all related litigation pending in other courts, including Federal Court, and a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated (CRC 3.300);
6. A description of factual and legal issues – the parties should address any specific contract provisions the interpretation of which may assist in resolution of significant issues in the case;
7. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;
8. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations of discovery. If this is a class action lawsuit, the parties should address the issue of limited merits discovery in advance of class certification motions.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda. The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

**STAY ON DISCOVERY AND RESPONSIVE PLEADING DEADLINE** Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction. Parties shall not file or serve responsive pleadings, including answers to the complaint, motions to strike, demurrers, motions for

change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings. This Order shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Date: 2 - 20 - 19

Hon. **Brian C. Walsh**
Judge of the Superior Court

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

3