UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HASIM A. MOHAMMED,<br>    Plaintiff,<br>v.<br>AMERICAN AIRLINES, INC.,<br>    Defendant. | Case No. 5:19-cv-01540-EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Dkt. No. 16 |

## I. INTRODUCTION

Plaintiff Hasim A. Mohammed ("Plaintiff") initiated this putative class action in state court, alleging violations of California Labor Code sections governing meal and rest breaks, recordkeeping and timeliness of wage payments, and violation of California's Unfair Competition Law ("UCL"). Compl., Dkt. No. 1-1. Defendant American Airlines, Inc. ("Defendant") removed the action to this Court on the basis of 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005 ("CAFA"). Notice of Removal, Dkt. No. 1. Plaintiff now moves to remand the action, asserting that Defendant has failed to establish the requisite amount in controversy. The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, Plaintiff's motion will be granted.

## II. BACKGROUND[1]

On February 19, 2019, Plaintiff initiated this suit in Santa Clara County Superior Court

---

[1] The Background is a summary of the allegations in the Complaint.

Case No.: 5:19-cv-01540-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
1

against Defendant and unnamed Doe defendants. Plaintiff resides in California. Compl. ¶ 5. Defendant is a Delaware corporation doing business in California. *Id*. ¶ 6. The "Relevant Time Period" is defined as beginning four years prior to the filing of the action until judgment is entered. *Id*. ¶ 11. The Complaint defines an "Hourly Employee Class" of "[a]ll persons employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California during the Relevant Time Period." *Id*. There are also four sub-classes: (1) a Meal Period Sub-Class of "[a]ll Hourly Employee Class members who worked in a shift in excess of five hours during the Relevant Time Period"; (2) a Rest Period Sub-Class of "[a]ll Hourly Employee Class members who worked a shift of at least three and one-half (3.5) hours during the Relevant Time Period"; (3) a Wage Statement Penalties Sub-Class of "[a]ll Hourly Employee Class members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered"; and (4) a Waiting Time Penalties Sub-Class of "[a]ll Hourly Employee Class members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered." *Id*. There is also a UCL Class defined as "All Hourly Employee Class members employed by Defendants in California during the Relevant Time Period." *Id*.

Plaintiff worked for Defendant as a non-exempt hourly employee from approximately January 17, 2000 through February 28, 2018. *Id*. ¶ 19. "On many occasions," Plaintiff and the putative class members were not provided meal periods due to (1) Defendant's policy of not scheduling each meal period as part of each work shift; (2) chronically understaffing each work shift; (3) imposing so much work that it made it "unlikely" that an employee would be able to take breaks; and (4) no formal written meal period policy that encouraged employees to take meal and rest periods. *Id*. ¶ 20. Plaintiff and putative class members were provided meal periods when they were not otherwise occupied with job duties; however, they were required to interrupt their meal periods and to perform job duties when a plane arrived. *Id*. ¶ 21. Plaintiff and the putative class were neither instructed nor required to clock out for meal periods "as Defendant[] had a policy of

Case No.: 5:19-cv-01540-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
2

automatically deducting one hour from their hours worked." *Id*. ¶ 22. In other words, Defendant scheduled Plaintiff and the putative class members to work nine hours but deducted an hour for purported meal periods in order to avoid having to pay class members overtime. *Id*. Defendant seldom, if ever, provided Plaintiff and the putative class with a one-hour uninterrupted, duty-free meal period. *Id*. "As a result of Defendant['s] policy, Plaintiff and the putative class were regularly not provided with uninterrupted meal periods." *Id*. ¶ 23.

Moreover, Plaintiff and the putative class "were regularly not provided" with rest periods of at least ten minutes for each four-hour work period for the same reasons they were not provided meal periods. *Id*. ¶ 26. Plaintiff and the putative class were provided rest periods only to the extent they were not occupied with their jobs. *Id*. ¶ 25. Plaintiff and the putative class worked through their rest periods in order to complete their assignments on time. *Id*. ¶ 26.

Plaintiff and the putative class were not provided with accurate wage statements as mandated by California Labor Code section 226. *Id*. ¶ 27. The statements that were provided were inaccurate because they failed to include overtime, as well as meal and/or rest period premiums. *Id*. ¶¶ 28-29.

Based on the foregoing, Plaintiff asserts six causes of action: (1) failure to provide meal periods (Labor Code §§ 204, 223, 226.7, 512 and 1198); (2) failure to provide rest periods (Labor Code §§ 204, 223, 226.7 and 1198); (3) failure to pay hourly and overtime wages (Labor Code §§ 223, 510, 1194, 1194.2, 1197, 1197.1 and 1198); (4) failure to provide accurate written wage statements (Labor Code §226(a)); (5) failure to pay timely final wages (Labor Code §§ 201, 202 and 203); and (6) violation of the UCL by engaging in unlawful business practices.

**III.  STANDARDS**

Defendants may remove a case to a federal court when a case originally filed in state court presents a federal question or is between citizens of different states. *See* 28 U.S.C. §§ 1441(a)-(b), 1446, 1453. Only state court actions that originally could have been filed in federal court may be removed. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). CAFA gives district courts original jurisdiction to hear class actions: (i) involving a plaintiff class of 100

or more members, (ii) where at least one member of the plaintiff class is a citizen of a State different from any defendant, and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). When measuring the matter in controversy, "the claims of the individual class members shall be aggregated." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (quoting 28 U.S.C. § 1332(d)(6)) . "[T]hose 'class members' include 'persons (named or unnamed) who fall within the definition of the *proposed* or certified class.'" *Id*. (quoting § 1332(d)(1)(D) (emphasis added)).

A class action that meets the CAFA standards may be removed to federal court. 28 U.S.C. § 1441(a). "Unlike the general presumption against removal, 'no antiremoval presumption attends cases invoking CAFA.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1033-34 (9th Cir. 2008); *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) ("We therefore hold that under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction.").

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart*, 574 U.S. at 87. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*. at 89. If the plaintiff contests the defendant's allegation, evidence establishing the amount in controversy is required. *Ibarra v. Manheim Invests., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id*. at 1197 (quoting *Dart*, 574 U.S. at 88 (citing 28 U.S.C. § 1446(c)(2)(B))); *see also Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) ("A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum."). Under the preponderance of the evidence standard, a removing

Case No.: 5:19-cv-01540-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
4

defendant must show "that the potential damages could exceed the jurisdictional amount." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1239 (9th Cir. 204) (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010)).

The parties may submit evidence such as affidavits, declarations, or other "summary-judgment type evidence relevant to the amount in controversy at the time of removal." *Id*. (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). The defendant, however, need not prove to a "legal certainty" that the amount in controversy requirement has been met. *Dart*, 574 U.S. at 88-89 (citing H.R. Rep. No. 112-10, p. 16 (2011)). The preponderance standard requires only that a removing defendant prove that it is "more likely than not" that the amount in controversy requirement is met. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007). "Under this system, CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra*, 775 F.3d at 1198.

## IV. DISCUSSION

Plaintiff contends that removal was improper because Defendant has failed to meet its burden of proving by a preponderance of evidence that there is more than $5 million in controversy.[2] In the alternative, Plaintiff requests leave to conduct discovery regarding Defendant's proffered evidence as to the amount in controversy.

Defendant's Notice of Removal was filed on the basis of information provided by Lisa Magdaleno ("Magdaleno"), who is employed by Defendant "in the capacity of Paralegal/Legal-Employment." Dkt. No. 1-3. Magdaleno reviewed the collective bargaining agreements applicable to Defendant's various employee groups as well as records showing the number of employees in each group. Decl. of Magdaleno In Support of Notice of Removal ¶ 1. Based upon the information provided by Magdaleno, Defendant calculated the amount in controversy as follows.

---

[2] Plaintiff does not contest that there are at least 100 purported class members or that there is diversity of citizenship.

Case No.: 5:19-cv-01540-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
5

a. Plaintiff's First and Second Causes of Action allege that American maintained a policy or practice of denying Plaintiff and the putative class members off-duty meal and rest periods or premium compensation in lieu thereof, Compl. ¶¶ 38-41; 52-53, and therefore he and the putative class members are entitled to missed meal and rest period premiums pursuant to Labor Code § 226.7 going back four years to February 19, 2015.

b. There are approximately 1,379 individuals currently working for American as ramp agents in California. (Magdaleno Decl. ¶ 2.) According to the applicable collective bargaining agreement, the current lowest hourly rate for ramp agents is $14.18 per hour. (*Id.* ¶ 3.) Labor Code § 226.7 provides that if an employer fails to provide a meal or rest period in accordance with the law, "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." Cal. Lab. Code § 226.7(c).

c. Reducing the number of putative class members by approximately 30% (965) to account for attrition, and assuming each class member was paid at $14.18 per hour and missed one meal and one rest break each week for the 4 years (or 208 weeks) at issue in this action, the amount in controversy for Plaintiff's First and Second Causes of Action is approximately:

i. (14.18 x 208 weeks x 965) + (14.18 x 208 weeks x 965) = $5,692,419.20.

Def.'s Notice of Removal ¶ 13 (Dkt. No. 1); Magdaleno Decl. ¶¶1-3.[3] Defendant contends that Plaintiff's request for attorneys' fees further increases the alleged amount in controversy beyond $5 million. *Id.* ¶ 15.

Plaintiff contends that Defendant's calculations above fail to satisfy the preponderance of the evidence standard because they are based upon "unsupported assumptions asserting certain unsubstantiated rates of rest period violations during the [R]elevant [T]ime [P]eriod, without regard to whether certain employees experienced rest period violations or not." Pl.'s Mot. To Remand 5 (Dkt. No. 16). Plaintiff intimates that Defendant should have presented precise information because it is readily available in Defendant's payroll and employment records. *Id.*

---

[3] Although the Complaint alleges additional labor law violations, Defendant calculated potential damages only for the first and second causes of action and contends that the amount in controversy for these two claims exceeds $5 million.

Case No.: 5:19-cv-01540-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
6

Moreover, Plaintiff contends that Defendant's calculations are inaccurate because they are based on the mistaken assumption that Plaintiff is alleging that each class employee missed a meal and break each week for four years, when in reality Plaintiff seeks to represent those employees that were not given a meal or rest break or paid premiums in lieu thereof. *Id.* 3. Further, Plaintiff contends that because Defendant's damages calculations are inaccurate, Defendant's corresponding attorneys' fees calculations are also inaccurate.

The Court finds that Defendant has failed to demonstrate by a preponderance of the evidence that the amount in controversy requirement for CAFA jurisdiction has been met in this case. Defendant's calculations are based upon the number of ramp agents currently employed in California. It is unclear, however, whether the number of ramp agents currently employed is below, above, or equal to the number of employees encompassed in the proposed "Hourly Employee Class," defined as "[a]ll persons employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California during the Relevant Time Period." Defendant contends that the number of ramp agents is under inclusive but does not offer any evidence to support its contention. Nor has Defendant explained the relationship, if any, between the number of ramp agents currently employed and the number of potential members in any of the subclasses. For example, Defendant has not presented any evidence of how many non-exempt employees actually worked shifts in excess of five hours such that they would be entitled to a meal period. Defendant has also failed to present evidence of how many non-exempt employees worked shifts in excess of 3.5 hours such that they would be entitled to a rest break. In response, Defendant asserts in its opposition brief that it calculated the amount in controversy "for only a fraction of the employees Plaintiff seeks to represent" (Def.'s Opp'n To Pl.'s Motion To Remand 1); however, there is no evidence in the record to substantiate Defendant's assertion.

The absence of proof regarding the actual number of employees encompassed in Plaintiff's proposed Hourly Employee Class and subclasses distinguishes this case from *Crummie v. CertifiedSafety, Inc.*, No. 17-3892 RS, 2017 WL 4544747, at *2 (N.D. Cal. Oct. 11, 2017) upon which Defendant relies. In *Crummie*, the plaintiff asserted various wage and hour violations on

Case No.: 5:19-cv-01540-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
7

behalf of non-exempt employees. The defendant's vice president of human resources stated, and the plaintiff did not challenge, that the number of employees encompassed by the proposed class definition was 802. *Id*. The defendant also set out the hourly wage range for putative class members and the cumulative total of workweeks. *Id*. Further, the defendant used the employees' actual pay rates to calculate the amount in controversy.

Defendant's amount-in-controversy calculation is also flawed because Defendant uses the lowest base hourly wage for a ramp agent under the current collective bargaining agreement ($14.18 per hour) instead of the hourly wage for class members during the Relevant Time Period. There is no evidentiary basis upon which to assume $14.18 per hour is a reasonable estimate of what putative class members were paid throughout the Relevant Time Period, which extends back four years to February of 2015.

Relying on *Dart*, Defendant next argues that Plaintiff must submit proof to rebut Defendant's assertion that the amount in controversy exceeds the jurisdictional minimum. Plaintiff counters that it is under no obligation to submit evidence as to the amount in controversy. The Court agrees with Plaintiff. Although the Supreme Court in *Dart* instructed that once jurisdiction has been challenged, "both sides submit proof and the court decides" (*Dart*, 574 U.S. at 88), this is not such a case because Defendant's evidence fails to support a plausible allegation that the amount in controversy exceeds the jurisdictional minimum. As discussed above, Defendant's calculation is not based upon the actual number of employees encompassed in Plaintiff's proposed class and subclasses. Nor is Defendant's calculation based on a reasonable estimate of the number of employees encompassed in Plaintiff's proposed class and subclasses. Further, Defendant's calculations and not based upon the actual or reasonable estimate of employees' hourly wages during the Relevant Time Period. "CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra*, 775 F.3d at 1198. Defendant's calculation is not adequately supported by real evidence or reasonable assumptions based upon that evidence.

Case No.: 5:19-cv-01540-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

8

Lastly, Defendant invites the court to consider Plaintiff's additional causes of action, which Defendant contends further increases the amount in controversy above the jurisdictional minimum. More specifically, by Defendant's calculation, a twenty percent (20%) violation rate for just the third cause of action for failure to pay hourly and overtime wages raises the amount in controversy by approximately $4,894,836.96. Def.'s Opp'n To Pl.'s Motion To Remand 13. The Court declines to consider this new calculation because it was not included in Defendant's Notice of Removal and the time to amend has expired. *O'Halloran v. Univ. of Washington*, 856F.2d 1375, 1381 (9th Cir. 1988) (citing *Barrow Dev. Co. v. Fulton Ins Co.*, 418 F.2d 316, 317 (9th Cir. 1969)).

V. **CONCLUSION**

For the reasons set forth above, Plaintiff's motion to remand is GRANTED.

**IT IS SO ORDERED.**

Dated: November 12, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-01540-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
9