1  ROBERT A. SIEGEL (S.B. #64604)
   rsiegel@omm.com
2  O'MELVENY & MYERS LLP
   400 South Hope Street, 18th Floor
3  Los Angeles, CA 90071-2899
   Telephone:    (213) 430-6000
4  Facsimile:    (213) 430-6407

5  ADAM P. KOHSWEENEY (S.B. #229983)
   akohsweeney@omm.com
6  KRISTIN M. MACDONNELL (S.B. # 307124)
   kmacdonnell@omm.com
7  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
8  San Francisco, California  94111-3823
   Telephone:    (415) 984-8700
9  Facsimile:    (415) 984-8701

10  Attorneys for Defendant
    American Airlines, Inc.

11                UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                      SAN JOSE DIVISION

14

15  HASIM A. MOHAMMMED, on behalf of       Case No. 19-cv-01540-EJD
16  himself, all others similarly situated
                                            **DEFENDANT AMERICAN AIRLINES,**
17                  Plaintiff,              **INC.'S NOTICE OF MOTION AND**
                                            **MOTION FOR LEAVE TO FILE**
18          v.                              **MOTION FOR RECONSIDERATION**

19  AMERICAN AIRLINES, INC., a Corporation;
    and DOES 1 through 50, inclusive,
20
                    Defendants.
21

22

23

24

25

26

27

28

1    <u>**NOTICE OF MOTION**</u>

2    **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

3        **PLEASE TAKE NOTICE THAT** Defendant American Airlines, Inc. ("American")

4    hereby moves under Civil Local Rule 7-9(a) for leave to file a motion for reconsideration of the

5    Court's November 12, 2019 order granting Plaintiff Hasim A. Mohammed's motion to remand

6    (the "Order"). (Dkt. No. 22.)  American respectfully seeks reconsideration of the Order under

7    Civil Local Rule 7-9(b)(1) on the ground that the Ninth Circuit issued new controlling law after

8    briefing on Plaintiff's motion to remand concluded, but before this Court issued its Order.

9        American's Motion is based on this Notice of Motion and Motion, the attached

10   Memorandum of Points and Authorities and exhibits, the pleadings in this action, and such other

11   materials and evidence as may be presented to the Court.  Pursuant to Civil Local Rule 7-9(d),

12   this Motion is not noticed for a hearing.

13

14

15       Dated:  November 27, 2019        O'MELVENY & MYERS LLP

16                                     ADAM P. KOHSWEENEY
                                       KRISTIN M. MACDONNELL

17

18                              By:   */s/ Adam P. KohSweeney*

19                                     Adam P. KohSweeney
                                Attorneys for American Airlines, Inc.

20

21

22

23

24

25

26

27

28

DEF.'S MOT. FOR LEAVE TO FILE
MOT. FOR RECONSIDERATION
19-CV-01540-EJD

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Civil Local Rule 7-9, Defendant American Airlines, Inc. ("American") seeks leave to file a motion for reconsideration of this Court's November 12, 2019 order granting Plaintiff Hasim A. Mohammed's motion to remand (Dkt. 22) ("Order") in light of intervening new controlling authority from the Ninth Circuit, *Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019), which clarifies a wage-and-hour defendant's evidentiary burden when its removal calculations are challenged. Reconsideration is appropriate where, as here, "there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). By filing this motion fifteen days after the Order, American has also demonstrated "reasonable diligence in bringing the motion." N.D. Cal. Civ. L.R. 7-9(b). Because *Arias*—which was published after the parties concluded their briefing on Plaintiff's motion to remand but before this Court issued the Order—represents a "material difference in fact or law" and because American has satisfied all other requirements for bringing a motion for reconsideration under the Local Rules, this Court should grant American's motion for leave to file a motion for reconsideration.

As a threshold matter, American has been diligent in seeking leave to file a motion for reconsideration. *See* N.D. Cal. Civ. L.R. 7-9(b). The Court issued the Order on November 12, 2019. American filed the instant motion fifteen days after the Court's ruling.[1] This expedited timeline is well within the Court's established time periods for reasonable diligence. *See, e.g., Barker v. Insight Global,* LLC, 2019 WL 176260, at *1 (N.D. Cal. 2019) (113 days); *Dytch v. Lazy Dog Restaurant, LLC*, 2018 WL 9412713, at *2 (N.D. Cal. 2018) (38 days); *True Health Chiropractic Inc. v. McKesson Corp.*, 2014 WL 6707594, at *1 n.2 (N.D. Cal. Nov. 25, 2014) (19 days). Thus, this Court should find that American has been reasonably diligent in bringing this motion.

---

[1] American also filed a Petition for Permission to Appeal pursuant to 28 U.S.C. § 1453(c) before the Ninth Circuit Court of Appeals on November 22, 2019.

*Arias* constitutes material new law published after the parties completed briefing.  *See* N.D. Cal. Civ. L.R. 7-9(b)(1).  *Arias* involved facts similar to those presented to this Court, and concluded that:

- A removing defendant in a wage-and-hour case may rely on reasonable assumptions regarding violation rates to prove CAFA's amount in controversy, and is not required to present evidence of the exact frequency of any wage-and-hour violations;

- A removing defendant's assumptions underlying its calculations, such as the number of employees, the average rate of pay, and the number of workweeks worked during the class period, must have some "reasonable ground underlying them"; and,

- "[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees ***must*** be included in the assessment of the amount in controversy."

*Arias*, 936 F.3d at 922 (internal quotations and citations omitted) (emphasis added). Reconsideration is appropriate to give this Court an opportunity to evaluate the parties' arguments and evidentiary submissions in light of this new authority.  *See, e.g., Fitch v. Shaw Indus., Inc.*, 782 F. App'x 651 (9th Cir. 2019) (vacating district court's order granting remand and stating that evidentiary question is "controlled by [] recent decision in *Arias*").

American's proposed reconsideration motion thus does not ask the Court to "rethink what it has already thought," *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003), but rather asks the Court to apply new, controlling law to previously-established facts.  This is the precise situation in which this Court grants leave to file a motion for reconsideration.  *See Farfan v. SSC Carmichael Operating Co. LP*, 2019 WL 4933577, at *1-2 (N.D. Cal. Oct. 7, 2019) (granting leave to file motion for reconsideration based on new law following parties' presentation of arguments to court); *Federal Ins. Co. v. Albertson's Inc.*, 2007 WL 2015042, at *1 (N.D. Cal. Jul. 6, 2007) (same).  Accordingly, because *Arias* constitutes material new law, this Court should grant American's leave to file a motion for reconsideration.

For the reasons stated above, American requests that the Court grant it leave to file a motion for reconsideration of the Order granting Plaintiff's motion for remand.  The proposed

DEF.'S MOT. FOR LEAVE TO FILE
MOT. FOR RECONSIDERATION
19-CV-01540-EJD

motion for reconsideration is attached hereto as **Exhibit 1**, and a proposed order for the motion for reconsideration is attached hereto as **Exhibit 2**.

Dated:  November 27, 2019          O'MELVENY & MYERS LLP
                                    ADAM P. KOHSWEENEY
                                    KRISTIN M. MACDONNELL


                                    By:    /s/ *Adam P. KohSweeney*
                                         Adam P. KohSweeney
                                    Attorneys for American Airlines, Inc.