# EXHIBIT 1

ROBERT A. SIEGEL (S.B. #64604)
rsiegel@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071-2899
Telephone:     213-430-6000
Facsimile:     213-430-6407

ADAM P. KOHSWEENEY  (S.B. #229983)
akohsweeney@omm.com
KRISTIN M. MACDONNELL (S.B. #307124)
kmacdonnell@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
San Francisco, CA 94111-3823
Telephone:     415-984-8912
Facsimile:     415-984-8701

Attorneys for Defendant
American Airlines, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| HASIM A. MOHAMMED, on behalf of himself, all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC., a Corporation,<br><br>Defendant. | Case No. 5:19-cv-01540-EJD<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (DKT. 22)** |

1    **TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

2         **PLEASE TAKE NOTICE** that on [insert date] at [insert time], or as soon thereafter as

3    the matter may be heard by the above-entitled court, located in Courtroom 4 - 5th Floor at 280

4    South 1st Street, San Jose, California, 95113 Defendant American Airlines, Inc. ("American")

5    will and hereby does move for reconsideration of the Court's November 12, 2019 order granting

6    Plaintiff's motion to remand (Dkt. 22.).

7         This motion is made pursuant to Northern District Local Rule 7-9 and the Court's inherent

8    authority to modify interlocutory rulings, *e.g.*, *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005),

9    on the ground that Judge Davila's opinion does not consider *Arias v. Residence Inn by Marriott*,

10   936 F.3d 920 (9th Cir. 2019), which is binding precedent issued after briefing on Plaintiff's

11   motion to remand concluded, but before the Court issued its November 12, 2019 order.

12        This motion is based on this Notice of Motion and Motion; the attached Memorandum of

13   Points and Authorities; all exhibits, files, and records on file in this action; all matters of which

14   judicial notice may be taken; and any such additional submissions and argument as may be

15   presented at or before the hearing on this motion.

16

17    Dated: December __, 2019               Respectfully Submitted,

18                           O'MELVENY & MYERS LLP

19                           ROBERT A. SIEGEL
                             ADAM P. KOHSWEENEY

20                           KRISTIN M. MACDONNELL

21

22                  By:  /s/ *Adam P. KohSweeney*

23                        Adam P. KohSweeney
                        Attorneys for Defendant American
                        Airlines, Inc.

24

25

26

27

28

DEFENDANTS' MOTION FOR
RECONSIDERATION 3:19-CV-01540-EJD

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...................................................................................................... 1

II.    FACTUAL BACKGROUND ..................................................................................... 2

III.   LEGAL STANDARD ................................................................................................ 4

IV.    ARGUMENT ............................................................................................................. 5

     A.   *Arias* Holds that Removing Defendants May Rely on Reasonable
          Assumptions to Prove CAFA's Amount in Controversy. ...................................... 5

     B.   Alternatively, This Court Should Have Given American an Opportunity to
          Submit Further Evidence Supporting Its Removal Assumptions. .......................... 7

     C.   The Order Further Contravenes *Arias* By Refusing to Consider Plaintiff's
          Request for Attorneys' Fees. .................................................................................. 8

V.     CONCLUSION ......................................................................................................... 9

DEFENDANTS' MOTION FOR
RECONSIDERATION 3:19-CV-01540-EJD

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Amarel v. Connell*,
102 F.3d 1494 (9th Cir. 1996)...................................................................................... 4

*Amaya v. Apex Merchant Gp. LLC*,
2016 WL 881152 (E.D. Cal. Mar. 8, 2016) ................................................................... 8

*Andrade v. Beacon Sales Acquisition, Inc.*,
2019 WL 4855997 (C.D. Cal. Oct. 1, 2019) .................................................................. 7

*Archuleta v. Avcorp Composite Fabrication, Inc.*,
2018 WL 6382049 (C.D. Cal. Dec. 6, 2018) .............................................................. 6, 9

*Arias v. Residence Inn by Marriott*,
936 F.3d 920 (9th Cir. 2019).............................................................................. passim

*Cavada v. Inter-Continental Hotels Grp, Inc.*,
No. 19-CV-1675-GPC(BLM), 2019 WL 5677846 (S.D. Cal. Nov. 1, 2019)................... 7

*Dart Cherokee Basin Operating Co. v. Owens*,
135 S. Ct. 547 (2014) ................................................................................................ 3, 7

*Fitch v. Shaw Indus., Inc.*,
782 F. App'x 651 (9th Cir. 2019) ................................................................................. 7

*Fritsch v. Swift Transp. Co. of Ariz., LLC*,
899 F.3d 785 (9th Cir. 2018)........................................................................................ 8

*Gibson v. Chrysler Corp.*,
261 F.3d 927 (9th Cir. 2001)........................................................................................ 9

*Hamilton v. Wal-Mart Stores, Inc.*,
2017 WL 4355903 (C.D. Cal. Sept. 29, 2017).............................................................. 8

*Lewis v. Verizon Comm'ns. Inc.*,
627 F.3d 395 (9th Cir. 2010)........................................................................................ 6

*Lopez v. Adesa, Inc.*,
2019 WL 4235201 (C.D. Cal. Sept. 6, 2019)................................................................ 7

*Lowdermilk v. U.S. Bank Nat'l Ass'n*,
479 F.3d 994 (9th Cir. 2007), *overruled on other grounds by Standard Fire*
*Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013) ................................................................ 9

*Mejia v. DHL Express (USA), Inc.*,
2015 WL 2452755 (C.D. Cal. May 21, 2015) ............................................................... 6

*Morgan v. Childtime Childcare, Inc.*,
2017 WL 5198160 (C.D. Cal. Nov. 10, 2017)............................................................... 7

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983) ........................................................................................................ 4

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Olson v. Becton, Dickinson and Co.,*
   2019 WL 4673329 (S.D. Cal. Sept. 25, 2019) ............................................................. 7

*Rodolff v. Provident Life and Accident Ins. Co.,*
   256 F. Supp. 2d 1137 (S.D. Cal. 2003) ...................................................................... 5

*Salazar v. Avis Budget Gp., Inc.,*
   2007 WL 9776748 (S.D. Cal. May 8, 2007) ............................................................... 8

*Stanley v. Dist. Alternatives, Inc.,*
   2017 WL 6209822 (C.D. Cal. Dec. 7, 2017) ............................................................ 6, 7

*Unutoa v. Interstate Hotels & Resorts, Inc.,*
   2015 WL 898512 (C.D. Cal. Mar. 3, 2015) ................................................................ 6

**STATUTES**

28 U.S.C. § 1332(d)(2)(A) .................................................................................................. 3

28 U.S.C. § 1332(d)(5)(B) .................................................................................................. 3

Cal. Lab. Code § 1194 ........................................................................................................ 9

Cal. Lab. Code § 218.5 ....................................................................................................... 9

Cal. Lab. Code § 226 .......................................................................................................... 9

**OTHER AUTHORITIES**

H.R. Rep. No. 112-60 (2011) ............................................................................................. 7

**RULES**

Fed. R. Civ. P. 54(b) .......................................................................................................... 4

I.     **INTRODUCTION**

This Court's November 12, 2019 order remanding Plaintiff Hasim Mohammed's ("Plaintiff") putative class action to state court ("Order") directly conflicts with a published opinion from the Ninth Circuit Court of Appeals, *Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019), issued after briefing on Plaintiff's motion to remand concluded, but before this Court issued its Order. *Arias* warrants reconsideration and vacating of the Order for the reasons that follow.

*First*, *Arias* holds that removing defendants in wage-and-hour cases may rely on reasonable assumptions regarding violation rates to prove CAFA's amount in controversy, and are *not* required to present evidence of the exact frequency of any wage-and-hour violations. *Id.* at 925-27.  Plaintiff's motion to remand effectively argued that American was required to show evidence of actual violations.  As this Court recognizes in its Order, Plaintiff argued that American's amount-in-controversy calculation was based on "unsupported assumptions asserting certain unsubstantiated rates of rest period violations…" and were inaccurate because they were based "on the mistaken assumption that Plaintiff is alleging that each class employee missed a meal and [rest] break each week for four years."  Dkt. 22 at 6-7.  American responded to those arguments explaining that it made conservative estimates and reasonable assumptions based on the allegations in Plaintiff's complaint.  American's position is entirely consistent with the holding in *Arias*, which the Order does not address.

Further, there is no indication in *Arias* that Marriott—the defendant in *Arias*— used precise evidence to make its amount-in-controversy calculation.  Marriott did "not identify how many potential class members worked part-time and how many worked full-time," *id.* at 925, n.3, which was presumably relevant to determining the number of employees entitled to rest breaks and overtime.  Yet, that is precisely what the Court here told American it must, but did not, do.  According to this Court's Order, American did not present "any evidence of how many non-exempt employees actually worked shifts in excess of five hours such that they would be entitled to a meal period,…[or] evidence of how many non-exempt employees worked shifts in excess of 3.5 hours such that they would be entitled to a rest break."  Dkt. 22 at 7.  But in *Arias*, there was

DEFENDANTS' MOTION FOR
RECONSIDERATION 3:19-CV-01540-EJD

no indication that Marriott used precise employee counts or exact wage rates for each period at issue to calculate the amount in controversy.  It relied on estimates.  Similarly, American relied on the number of Ramp Agents currently employed in California (and reduced that number by 30%) even though Plaintiff is suing on behalf of *all* non-exempt California employees.  American also used the lowest rate paid to these employees.  Like the assumptions made by Marriott, American's assumptions have "some reasonable ground underlying them," *id.* at 925, and therefore, this Court's Order should be vacated.

*Second*, the *Arias* court held that if the district court had questions about the sufficiency of Marriott's evidence, then the court should have allowed Marriot to present further evidence and arguments with respect to the amount in controversy.  *Id.* at 925 n.3.  The Ninth Circuit therefore remanded to give Marriott that opportunity.  At a minimum, American should have the same opportunity to address the concerns raised in this Court's Order.

*Third*, *Arias* held that future attorneys' fees *must* be considered when determining the amount in controversy.  This Court did not consider attorneys' fees in determining the amount in controversy and in light of *Arias*, must do so now.

Accordingly, American respectfully requests that this Court reconsider its Order and deny Plaintiff's motion to remand in light of *Arias*, or alternatively give American the opportunity to present evidence of its reasonable assumptions.

## II.   FACTUAL BACKGROUND

Plaintiff worked for American as a Ramp Agent[1] in California from approximately January 17, 2000 to February 28, 2018.  Dkt. 1, Ex. A ("Compl.") ¶ 19.  Plaintiff's complaint asserts six causes of action against American: (1) failure to provide meal periods under California Labor Code §§ 204, 223, 226.7, 512, & 1198; (2) failure to provide rest periods under California Labor Code §§ 204, 223, 226.7, & 1198; (3) failure to pay hourly wages in violation of California Labor Code §§ 223, 510, 1194, 1194.2, 1197, 1197.1, & 1198; (4) failure to provide accurate itemized wage statements in violation of California Labor Code § 226; (5) failure to timely pay

---

[1] Ramp Agents are responsible for, among other things, loading and unloading luggage onto aircraft and guiding aircraft to and from gates.

DEFENDANTS' MOTION FOR
RECONSIDERATION 3:19-CV-01540-EJD

1  all final wages in violation of California Labor Code §§ 201, 202, & 203; and (6) unfair

2  competition in violation of California Business & Professions Code § 17200 *et seq.*  Plaintiff

3  seeks to represent ***all*** of American's nonexempt employees in California for the four-year period

4  prior to the filing of the Complaint, plus a number of subclasses.  Compl. ¶ 11.

5       On February 21, 2019, American was served with Plaintiff's Complaint and timely

6  removed to this Court under CAFA, asserting that based on conservative estimates there was in

7  excess of $5.6 million in controversy. [2]  Dkt. 1.  On July 2, 2019, Plaintiff filed a motion to

8  remand on the ground that American's amount-in-controversy calculations were not grounded in

9  reasonable assumptions, primarily because American used "unsubstantiated rates of meal [and

10 rest] period violations…without regard to whether certain employees experienced meal [and rest]

11 period violations or not."  Dkt. 16 at 6-10.

12      American opposed Plaintiff's motion, arguing that even using conservative assumptions,

13 the amount in controversy exceeded $5.6 million.  Those assumptions included:  (1) valuing

14 claims for only those employees who held Plaintiff's same job title—Ramp Agent—as opposed to

15 all mechanics, customer service agents, and other California-based non-exempt employees; (2)

16 reducing the number of Ramp Agents by 30%; (3) using the ***lowest*** possible rate of pay under the

17 collective bargaining agreement ($14.18) even though some employees earned more than $30.00

18 per hour (NOR; Decl. of Lisa Magdaleno ¶¶ 2, 3); and, (4) assuming a 20% violation rate even

19 though Plaintiff alleged that American failed to provide him and the putative class members

20 compliant meal periods "[o]n many occasions," Compl. ¶ 20, and "regularly" failed to provide

21 compliant rest periods, Compl. ¶ 26.  NOR ¶ 13.  In light of these conservative assumptions,

22 American argued that in considering just ***two of Plaintiff's six claims*** and just ***one employee***

23 ***work group of several*** that may be included in a class, the amount in controversy exceeded

24 $5 million.  Dkt. 18 at 6-8.  American further explained that when considering Plaintiff's other

25

26 ―――――――――――――
[2] These requirements are that the class action involve (1) a plaintiff class of at least 100 members;
(2) at least one member of the plaintiff class who is a citizen of a state different from any
27 defendant; and (3) an amount in controversy of at least $5 million, exclusive of interest and costs.
28 U.S.C. § 1332(d)(2)(A) & (5)(B); *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct.
28 547 (2014).

3

DEFENDANTS' MOTION FOR
RECONSIDERATION 3:19-CV-01540-EJD

claims, such as his overtime claim and request for attorneys' fees, the amount in controversy reached nearly $10 million. *Id.* at 12-13. Plaintiff's motion was fully briefed on July 23, 2019. Dkt. 19.

On November 12, 2019, without oral argument, this Court granted Plaintiff's motion. Dkt. 22. This Court largely ignored Plaintiff's arguments relating to the frequency of the alleged violations, and held that American's calculations were "flawed" because (1) it was "unclear" whether the number of Ramp Agents currently employed by American was below, above, or equal to the number of employees Plaintiff sought to represent—i.e., all of American's non-exempt employees; and (2) American submitted "no evidentiary basis" to assume that $14.18, the lowest possible hourly rate under the current collective bargaining agreement, was a "reasonable estimate" of what the putative class members were paid during the relevant time period. *Id.* at 7-8. These are not "flaws" under *Arias* and in fact, are reasonable assumptions upon which the amount in controversy may be based.

This Court also did not address American's request to consider attorneys' fees, which *Arias* holds must be considered, and refused to consider Plaintiff's other causes of action.

## III.     LEGAL STANDARD

Federal Rule of Civil Procedure 54 permits the Court to revise an order resolving fewer than all claims in a case "at any time before the entry of judgment." Fed. R. Civ. P. 54(b); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge"); *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996). Under Rule 54, this Court has discretion to reconsider the Order.

Northern District Local Rule 7-9 incorporates this standard and permits a party to seek reconsideration, following a successful motion for leave to file a motion for reconsideration, if there is a "material difference in fact or law" that did not exist before the order subject to reconsideration, or there are new material facts or a change of law occurring after the order subject to reconsideration. Courts within the Ninth Circuit regularly grant motions for reconsideration where, as here, new intervening authority from the Ninth Circuit compels the

DEFENDANTS' MOTION FOR
RECONSIDERATION 3:19-CV-01540-EJD

Court to reconsider its decision in light of the new law.  *See, e.g., Rodolff v. Provident Life and Accident Ins. Co.*, 256 F. Supp. 2d 1137, 1140 (S.D. Cal. 2003) (granting motion for reconsideration in light of new Ninth Circuit decisions, which the court was "obligat[ed] to follow.").

IV.    **ARGUMENT**

   A.    ***Arias* Holds that Removing Defendants May Rely on Reasonable Assumptions to Prove CAFA's Amount in Controversy.**

In *Arias*, plaintiff alleged that defendant Marriott failed to pay wages, provide rest breaks, and provide accurate wage statements under California law.  *Arias*, 936 F.3d at 922.  Marriott removed the case invoking CAFA jurisdiction.  Marriott alleged a potential amount in controversy exceeding $15 million with its most "conservative estimate" totaling over $5.5 million, excluding attorneys' fees, which Marriott claimed should be included.  *Id.* at 923.  Marriott assumed 60 minutes of unpaid overtime per week because plaintiff alleged that Marriott "routinely" failed to pay employees overtime, made other assumptions based on rest break premiums and wage statement penalties, and suggested that 25% be assumed for attorneys' fees.  *Id.*  The district court remanded the case to state court, concluding that Marriott's calculations were based on "speculation and conjecture" and that Marriott should have offered evidentiary support for its assumptions of violation rates.  *Id.* at 924.

The Ninth Circuit Court of Appeals vacated the district court's order and remanded the matter for further proceedings to allow the parties to present evidence and argument on the amount in controversy.  *Id.* at 929.  The Ninth Circuit noted that Marriott's notice of removal included the number of employees meeting the class description, the average rate of pay, and the number of workweeks worked during the class period.  *Id.* at 925-26.  Then, Marriott estimated the amount in controversy by making assumptions about the frequency of violations of the sort alleged in the complaint.  Importantly, the Ninth Circuit did not indicate Marriott needed to show how many employees worked shifts long enough to entitle them to a rest break—Marriott's showing that approximately 2,193 non-exempt employees were employed during the putative class period was enough.  *See id.* at 924-25.  In fact, the Ninth Circuit noted that Marriott did not

DEFENDANTS' MOTION FOR
RECONSIDERATION 3:19-CV-01540-EJD

1   submit evidence with respect to the number of full-time and part-time employees.  *Id.* at 925 n.3.

2   The Ninth Circuit rejected the district court's finding that the assumed violation rates were

3   "speculation and conjecture," and held that Marriott need not prove it actually violated the law to

4   support its amount in controversy calculation.  *Id.* at 925.

5        Here, American's amount-in-controversy calculations were grounded in reasonable

6   assumptions and were more conservative than Marriott's.  For example, although Marriott

7   estimated the number of employees in the class, American used only the number of Ramp Agents

8   employed, and reduced that by 30%.  It did not consider any other employees in California.

9   Further, American used the ***lowest*** rate set forth in the collective bargaining agreement.  As *Arias*

10   shows, nothing requires a defendant to use the precise number of employees or the precise hourly

11   wage rates.  Instead, a defendant need only set forth assumptions that have "some reasonable

12   ground underlying them."  *Arias*, 936 F.3d at 925 (citing *Ibarra*, 775 F.3d at 1200).   Where, as

13   here, a defendant shows potential recovery "***could*** exceed $5 million," and where, as here, "the

14   [p]laintiff has neither acknowledged nor sought to establish that the class recovery is potentially

15   any less," CAFA's amount-in-controversy requirement is satisfied.  *Id.* (citing *Lewis v. Verizon*

16   *Comm'ns. Inc.*, 627 F.3d 395, 401 (9th Cir. 2010)) (emphasis added).[3]

17        Neither *Arias* nor other courts in this Circuit have required a defendant to show the exact

18   number of individuals in the putative class who worked shifts sufficiently long to entitle them to

19   meal breaks, rest breaks, or overtime.  *See Mejia v. DHL Express (USA), Inc.*, 2015 WL 2452755,

20   at *3-4 (C.D. Cal. May 21, 2015) (denying motion to remand based on defendant's assumption

---

21   [3] Plaintiff submitted no contrary evidence to rebut American's assumptions regarding the number

22   of putative class members, the hourly wages earned (which were listed in collective bargaining
     agreements Plaintiff had access to), or the potential number of violations.  Nor did Plaintiff

23   submit contrary evidence of American's calculations—not even his own declaration stating he
     experienced less frequent violations than those asserted by American.  Plaintiff "cannot simply sit

24   silent and take refuge in the fact that it is [American's] burden to establish the grounds for federal
     jurisdiction."  *Archuleta v. Avcorp Composite Fabrication, Inc.*, 2018 WL 6382049, at *3 (C.D.

25   Cal. Dec. 6, 2018) (citation omitted).  Under such circumstances, and in light of American's more
     than reasonable assumptions, remand is improper.  *See id.*; *see also Unutoa v. Interstate Hotels &*

26   *Resorts, Inc.*, 2015 WL 898512, at *3 (C.D. Cal. Mar. 3, 2015) ("Plaintiff does not even submit
     his own declaration stating that he experienced less frequent rates of violation than those asserted

27   by Defendants."); *Stanley v. Dist. Alternatives, Inc.*, 2017 WL 6209822, at *2 (C.D. Cal. Dec. 7,
     2017) (denying motion to remand in part because plaintiff "provide[d] no competing evidence

28   that would suggest lower violation rates").

DEFENDANTS' MOTION FOR
RECONSIDERATION 3:19-CV-01540-EJD

1    that 722 employees during the class period missed one rest break each workday); *Morgan v.*

2    *Childtime Childcare, Inc.*, 2017 WL 5198160, at *3-4 (C.D. Cal. Nov. 10, 2017) (denying motion

3    to remand based on defendant's assumption that 1,615 employees during the class period missed

4    one meal and rest break and worked one hour of unpaid overtime per week); *Stanley*, 2017 WL

5    6209822, at *2-3 (denying motion to remand based on defendant's assumption that employees

6    during class period missed three meal breaks and three rest breaks each week).  American's

7    removal assumptions were equally, if not more, reasonable than those in *Arias*, *Mejia*, *Morgan*,

8    and *Stanley*.  American looked only at a tiny sliver of employees who would be included in the

9    putative class, reduced that number even further to account for attrition, and assumed that each

10   individual earned the lowest-applicable pay rate and only missed one meal break and one rest

11   break per week.  Under *Arias* and the precedent cited above, these "reasonable assumptions,"

12   which were supported in evidence, are more than sufficient to establish CAFA jurisdiction.[4]

13        And, since *Arias*, the Ninth Circuit has vacated a remand order in the wage-and-hour

14   context at least once based on *Arias,* while at least four district courts have similarly denied

15   motions to remand based on a wage-and-hour defendant's reasonable assumptions, showing that

16   the *Arias* standard controls.  *Fitch v. Shaw Indus., Inc.*, 782 F. App'x 651 (9th Cir. 2019); *Cavada*

17   *v. Inter-Continental Hotels Grp, Inc.*, No. 19-CV-1675-GPC(BLM), 2019 WL 5677846, at *4

18   (S.D. Cal. Nov. 1, 2019); *Andrade v. Beacon Sales Acquisition, Inc.*, 2019 WL 4855997, at *3

19   (C.D. Cal. Oct. 1, 2019); *Olson v. Becton, Dickinson and Co.*, 2019 WL 4673329, at *4 (S.D. Cal.

20   Sept. 25, 2019); *Lopez v. Adesa, Inc.*, 2019 WL 4235201, at *5 (C.D. Cal. Sept. 6, 2019).

21   Accordingly, this Court should reconsider the Order and deny Plaintiff's motion to remand in

22   light of *Arias*.

23        **B.    Alternatively, This Court Should Have Given American an Opportunity to**
            **Submit Further Evidence Supporting Its Removal Assumptions.**

24

25        While American maintains its removal calculations were more than sufficient to support

26   _____

27   [4] American's assumptions are also more than reasonable in light of *Dart Cherokee*, which
     establishes that removing defendants do not, at the pleadings stage, need to "prove to a legal
     certainty that the amount in controversy requirements has been met."  *Dart Cherokee*, 135 S. Ct.

28   at 554 (citing H.R. Rep. No. 112-60, p. 16 (2011)).

1   CAFA jurisdiction, if this Court was not satisfied with them, it should have given American an

2   opportunity to present further evidence supporting its assumptions, rather than outright remanding

3   to state court.  That is precisely what the court in *Arias* did, and what numerous other courts

4   expressing uncertainty regarding CAFA jurisdiction have done.  For example, in *Amaya v. Apex*

5   *Merchant Gp. LLC*, 2016 WL 881152, at *5 (E.D. Cal. Mar. 8, 2016), the court concluded that

6   the parties' arguments and evidentiary showings with respect to plaintiff's motion to remand were

7   insufficient to conclude that the amount in controversy exceeded $5 million.  The court thus

8   provided both parties with an opportunity "to provide more specific information" regarding the

9   amount in controversy.  *Id.*; *see also Hamilton v. Wal-Mart Stores, Inc.*, 2017 WL 4355903, at *1

10  (C.D. Cal. Sept. 29, 2017) (following oral argument, the court requested that the parties submit

11  additional evidence regarding the average wage of putative class members and subsequently

12  denied motion to remand); *Salazar v. Avis Budget Gp., Inc.*, 2007 WL 9776748, at *2 (S.D. Cal.

13  May 8, 2007) (same).  And the Ninth Circuit recognized this right in *Arias*, concluding that by

14  remanding the case, the district court "deprived Marriott of a 'fair opportunity to submit proof.'"

15  *See Arias*, 936 F.3d at 925 n.3 (although notice of removal did not identify how many potential

16  class members worked part-time or full-time, "Marriott was entitled to an opportunity to make

17  this showing in response to a challenge by Arias or the district court.").

18          Accordingly, if this Court does not vacate its Order and deny Plaintiff's Motion to

19  Remand, then American should be permitted to submit additional evidence and argument to

20  address the concerns expressed in this Court's Order.

21      **C.      The Order Further Contravenes *Arias* By Refusing to Consider Plaintiff's**
            **Request for Attorneys' Fees.**

22

23          This Court did not consider American's request for attorneys' fees in determining CAFA

24  jurisdiction.  *Arias*, however, held that "prospective attorneys' fees **must** be included in the

25  assessment of the amount in controversy."  *Arias*, 936 F.3d at 921 (citing *Fritsch v. Swift Transp.*

26  *Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018)) (emphasis added).  As stated in *Fristch*, the

27  Ninth Circuit has "long held (and reiterated) that attorneys' fees awarded under fee-shifting

28  statutes or contracts are included in the amount in controversy."  899 F.3d at 794; *see also*

                                                  8

1   *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994 (9th Cir. 2007) (including attorneys' fees in

2   calculating amount in controversy), *overruled on other grounds by Standard Fire Ins. Co. v.*

3   *Knowles*, 133 S. Ct. 1345 (2013); *Gibson v. Chrysler Corp.*, 261 F.3d 927 (9th Cir. 2001) (same);

4   *Archuleta*, 2018 WL 6382049, at * 6 (same).  Relying on *Fritsch*, *Arias* held that the district court

5   erred in rejecting Marriott's request to consider attorneys' fees in calculating the amount in

6   controversy, as "there is no dispute that at least some of the California wage and hour laws that

7   form the basis of the complaint entitle a prevailing plaintiff to an award of attorneys' fees."

8   *Arias*, 935 F.3d at 928 (citing Cal. Lab. Code §§ 218.5, 226, and 1194).

9           Similarly, here, American argued this Court should consider Plaintiff's request for

10  attorneys' fees in determining that the amount in controversy rose well above $5 million.  Dkt. 18

11  at 13.  And as in *Arias*, there is "no dispute" that at least some of the wage and hour laws under

12  which Plaintiff sues contain fee-shifting provisions, including California Labor Code Sections

13  218.5, 226, and 1194.  This Court, however, did not address American's request to consider

14  attorneys' fees in determining the amount in controversy.  Accordingly, under *Arias*, this Court

15  must consider Plaintiff's attorneys' fee request in determining the amount in controversy.

16  **V.      CONCLUSION**

17          For the foregoing reasons, American respectfully requests that this Court reconsider its

18  Order and deny Plaintiff's Motion to Remand, or alternatively, provide American with an

19  opportunity to address the concerns raised in this Court's Order.

20

21      Dated: December _____, 2019              O'MELVENY & MYERS LLP
                                                  ROBERT A. SIEGEL
22                                                ADAM P. KOHSWEENEY

23                                                By:___*/s/ Adam P. KohSweeney*_____
                                                       Adam P. KohSweeney
24                                                Attorneys for Defendant American Airlines,
                                                  Inc.
25

26

27

28