UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HASIM A. MOHAMMED,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC.,<br><br>Defendant. | Case No. 5:19-cv-01540-EJD<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 24 |

Presently before the Court is Defendant's motion for leave to file a motion for reconsideration of the Court's November 12, 2019 Order Granting Plaintiff's Motion To Remand. Defendant contends that reconsideration is warranted in light of the Ninth Circuit's recent decision in *Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019). The *Arias* decision is not a proper basis for reconsideration because it was issued on September 3, 2019, and therefore does not constitute a "change of law occurring after the time of [the Court's order]." L.R. 7-9(b)(2). Defendant should have brought *Arias* to the Court's attention by filing a Statement of Recent Decision. *See* Local Rule 7-3(d)(2).

Moreover, contrary to Defendant's assertion, the Court's Order does not "directly conflict" with *Arias*. Defendant argues that *Arias* holds that a removing defendant in a wage-and-hour case may rely on reasonable assumptions regarding violation rates to prove the amount in controversy. The Court agrees that a removing defendant may rely on reasonable assumptions. Defendant's assumptions, however, "cannot be pulled from thin air but need some reasonable ground underlying them." *Arias*, 936 F.3d at 925 (quoting *Ibarra v. Manheim Invests., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015)). Defendant's proffered assumptions were not reasonable because

Case No.: 5:19-cv-01540-EJD
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
1

they were not grounded in facts. Defendant assumed, without providing any evidence, that the number of ramp agents currently employed in California by Defendant was a reasonable estimate of the number of employees encompassed in the proposed putative class of "[a]ll persons employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California during the Relevant Time Period." Compl. ¶ 11. Defendant also assumed, without providing any evidence, that the lowest base hourly wage for a ramp agent under the current collective bargaining agreement was a reasonable estimate of the hourly wage for class members during the Relevant Time Period.

"CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra v. Manheim Invests., Inc.*, 775 F.3d 1193,1198 (9th Cir. 2015). Defendant's theory of damages exposure was not supported by real evidence of the number of putative class members and their hourly wage rates nor by reasonable assumptions based upon that evidence. Defendant's motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: December 9, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-01540-EJD
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
2